UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ABIGAILE I. PEREZ, a minor, by LILLIAN PEREZ, her mother and next friend; LILLIAN PEREZ, individually,<br><br>               Plaintiffs,<br><br>           v.<br><br>SHERMAN HOSPITAL, a corporation, SHERMAN HEALTH SYSTEMS, a corporation, AUNT MARTHA'S YOUTH SERVICE CENTER, INC., a corporation, WELL CARE NEONATOLOGISTS, S.C., a corporation, SREELATHA ANNE, M.D., SAVADA ALLA, M.D. and ANDREA UNAKANT OAK, M.D.,<br><br>              Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

```
FILED: JULY 10, 2008
08CV3932
JUDGE DER-YEGHIAYAN
MAGISTRATE JUDGE SCHENKIER

PH
```

Formerly case No. 08 L 2297,
Circuit Court of Cook County, Illinois

## NOTICE OF REMOVAL OF A CIVIL ACTION AND
## SUBSTITUTION OF THE UNITED STATES AS DEFENDANT

To:   Clerk of the Court
      Circuit Court of Cook County
      Richard J. Daley Center, Room 801
      50 West Washington Street
      Chicago, Illinois 60602

CLIFFORD LAW OFFICES, P.C.
120 N. La Salle Street, Suite 3100
Chicago, Illinois 60602

CUNNINGHAM, MEYER &
VEDRINE, P.C.
4200 Cantera Dr., Suite 112
Warrenville, Illinois 60555

HALL, PRANGLE & SCHOONVELD, LLC
200 S. Wacker Dr., Suite 3300
Chicago, Illinois 60606

The United States, by its attorney, Patrick J. Fitzgerald, United States Attorney for the

Northern District of Illinois, submits this notice of removal of the above-captioned civil action from

the Circuit Court of Cook County, Illinois, to the United States District Court, Northern District of

Illinois, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2679, and 42 U.S.C. § 233, and in support thereof states the following:

1.   On February 28, 2008, plaintiffs Abigaile and Lillian Perez commenced the above civil action against Sherman Hospital, a corporation, Sherman Health Systems, a corporation, Aunt Martha's Youth Service Center, Inc., a corporation, Well Care Neonatologists, S.C., a corporation, Sreelatha Anne, M.D., Sarada[1] Alla, M.D. and Andrea Unakant Oak, M.D., alleging medical malpractice.   A copy of the state court complaint is attached as Exhibit A.   For purposes of this lawsuit, Dr. Sreelatha Anne and Dr. Sarada Alla, were physicians for Aunt Martha's Youth Service Center, Inc., a private entity that receives grant money from the Public Health Service pursuant to 42 U.S.C. § 233.

2.   This notice of removal is filed in accordance with 28 U.S.C. § 2679(d)(2) and 42 U.S.C. § 233 upon certification by the designee of the Attorney General of the United States that at the time of the incidents out of which the claim arose, defendants Sreelatha Anne, M.D., and Sarada Alla, M.D., were acting within the scope of their employment with Aunt Martha's Youth Service Center, Inc., a private entity that receives grant money from the Public Health Service pursuant to 42 U.S.C. § 233. Exhibit B.  Accordingly, defendants Sreelatha Anne, M.D., Sarada Alla, M.D., and Aunt Martha's Youth Service Center, Inc., are deemed employees of the United States for Federal Tort Claims Act purposes.

3.   This notice of removal may be filed without bond at any time before trial.  28 U.S.C. § 2679(d)(2).  Trial has not yet been had in this action.

---

[1] The complaint misspells Dr. Sarada Alla's first name as "Savada."

2

4.    Pursuant to the certification by the Attorney General's designee and the filing of this notice of removal, under 28 U.S.C. § 2679, the United States is substituted as the sole federal party defendant in place of defendants Sreelatha Anne, M.D., Sarada Alla, M.D., and Aunt Martha's Youth Service Center, Inc.

WHEREFORE, this action now pending in the Circuit Court of Cook County, Illinois, is properly removed to this court pursuant to 28 U.S.C. § 2679(d) and 42 U.S.C. § 233, and the United States is substituted as the defendant in lieu of defendants Sreelatha Anne, M.D., Sarada Alla, M.D., and Aunt Martha's Youth Service Center, Inc.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: s/ Jonathan C. Haile
    JONATHAN C. HAILE
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 886-2055
    jonathan.haile@usdoj.gov

## CERTIFICATE OF SERVICE

JONATHAN C. HAILE hereby certifies that on July 10, 2008, he caused a copy of:

**NOTICE OF REMOVAL OF A CIVIL ACTION AND SUBSTITUTION OF THE UNITED STATES AS DEFENDANT,** to be placed in a postage-paid envelope addressed to the following named individual(s) and deposited in the United States mail in the United States Courthouse, Chicago, Illinois.

To:

Clerk of the Court
Circuit Court of Cook County
Richard J. Daley Center, Room 801
50 West Washington Street
Chicago, Illinois 60602

CUNNINGHAM, MEYER & VEDRINE, P.C.
4200 Cantera Dr., Suite 112
Warrenville, Illinois 60555

CLIFFORD LAW OFFICES, P.C.
120 N. La Salle Street, Suite 3100
Chicago, Illinois 60602

HALL, PRANGLE & SCHOONVELD, LLC
200 S. Wacker Dr., Suite 3300
Chicago, Illinois 60606

Jonathan C. Haile
Assistant United States Attorney

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS          SUMMONS | (7-90) CCG-I |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

ABIGAILE l. PEREZ, a Minor, by LILLIAN PEREZ,          )
her Mother and Next Friend; LILLIAN PEREZ, Individually,  )
                                                         )
                                      Plaintiffs,        )
                                                         )
          v.                                             )
                                                         )
SHERMAN HOSPITAL, a corporation,                         )
SHERMAN HEALTH SYSTEMS, a corporation,                   )
AUNT MARTHA'S YOUTH SERVICE CENTER, INC.,                )
a corporation,                                           )
WELL CARE NEONATOLOGISTS, S.C., a corporation,           )
SREELATHA ANNE, M.D.,                                    )
SAVADA ALLA, M.D.,                                       )
ANDREA UNAKANT OAK, M.D.,                                )
                                                         )
                                      Defendants.        )

08CV3932

JUDGE DER-YEGHIAYAN

MAGISTRATE JUDGE SCHENKIER

No.       PH

**PLEASE SEE REVERSE**
**SIDE FOR SERVICE**

## SUMMONS

**To each defendant:**

YOU ARE SUMMONED and required to file an answer in this case, or otherwise file your appearance in the office of the clerk of this court (located in the Richard J. Daley Center, Room * 801 , Chicago, Illinois 60602, within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT, A COPY OF WHICH IS HERETO ATTACHED.

**To the officer:**

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

WITNESS,_____ FEB 2 8 2008

_____
DOROTHY BROWN, Clerk of court

Date of service: _____,20_____

| | |
|---|---|
| Name | CLIFFORD LAW OFFICES, P.C. |
| Attorney | for Plaintiff |
| Address | 120 North LaSalle Street, Suite 3100 |
| City | Chicago, Illinois 60602 |
| Telephone | 312/899-9090 |
| Atty. No. | 32640 |

## DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

*Law Division Room 801                    Chancery-Divorce Division Room 802
County Division Room 801                  Probate Division Room 1202

*Exhibit A*

KAH/tls        7N-0015

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| ABIGAILE I. PEREZ, a Minor, by | ) |
| LILLIAN PEREZ, her Mother and Next Friend, | ) |
| LILLIAN PEREZ, Individually, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. |
| | ) |
| SHERMAN HOSPITAL, a corporation, | ) |
| SHERMAN HEALTH SYSTEMS, a corporation, | ) |
| AUNT MARTHA'S YOUTH SERVICE | ) |
| CENTER, INC., a corporation, | ) |
| WELL CARE NEONATOLOGISTS, S.C., | ) |
| a corporation, | ) |
| SREELATHA ANNE, M.D., | ) |
| SAVADA ALLA, M.D., and | ) |
| ANDREA UNAKANT OAK, M.D., | ) |
| | ) |
| Defendants. | ) |

**_PLAINTIFFS DEMAND_**
**_TRIAL BY JURY_**

## COMPLAINT AT LAW

### COUNT I - MEDICAL NEGLIGENCE - MINOR PLAINTIFF

Plaintiff, ABIGAILE I. PEREZ, a Minor, by LILLIAN PEREZ, her Mother and Next Friend,

by her attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendants, SHERMAN

HOSPITAL, a corporation (hereafter "SHERMAN"), SHERMAN HEALTH SYSTEMS, a

corporation (hereafter "SHS"), AUNT MARTHA'S YOUTH SERVICE CENTER, INC., a

corporation (hereafter "AUNT MARTHA'S"), WELL CARE NEONATOLOGISTS, S.C., a

corporation (hereafter "WELL CARE"), SREELATHA ANNE, M.D. (hereafter "ANNE"),

SAVADA ALLA, M.D. (hereafter "ALLA") and ANDREA UNAKANT OAK, M.D. (hereafter

"OAK"), and each of them, states as follows:

_Exhibit A_

1.    On December 2, 2006, and at all times mentioned herein, Defendant, SHERMAN, was a duly licensed healthcare institution providing treatment and services to patients in its emergency department, outpatient and inpatient facilities, and held itself out as providing complete obstetrical, neonatal, pediatric and emergency room care.

2.    On December 2, 2006, and at all times mentioned herein, Defendant, AUNT MARTHA'S, was a corporation providing healthcare services to its patients and was doing business in Chicago, Chicago Heights, Park Forest, Harvey, Oak Forest and Richton Park, all of which are in Cook County, Illinois.

3.    On December 2, 2006, and at all times mentioned herein, Defendant, WELL CARE, was a corporation providing services to its patients.

4.    On December 2, 2006, and at all times mentioned herein, Defendant, ANNE, was a physician duly licensed to practice medicine in the State of Illinois specializing in the care of newborns and infants, residing in Wheeling, Cook County, Illinois.

5.    On December 2, 2006, and at all times mentioned herein, Defendant, ANNE, was a duly authorized agent and employee of Defendant, AUNT MARTHA'S, acting within the scope of her agency and employment.

6.    On December 2, 2006, and at all times mentioned herein, Defendant, ANNE, was a duly authorized agent and employee of Defendant, SHERMAN, acting within the scope of her agency and employment.

7.    On December 2, 2006, and at all times mentioned herein, Defendant, ALLA, was a physician duly licensed to practice medicine in the State of Illinois specializing in the care of newborns and infants, residing in Hoffman Estates, Cook County, Illinois.

2

*Exhibit A*

8.    · On December 2, 2006, and at all times mentioned herein, Defendant, ALLA, was a duly authorized agent and employee of Defendant, AUNT MARTHA'S, acting within the scope of her agency and employment.

9.    On December 2, 2006, and at all times mentioned herein, Defendant, ALLA, was a duly authorized agent and employee of Defendant, SHERMAN, acting within the scope of her agency and employment.

10.    On December 2, 2006, and at all times mentioned herein, Defendant, OAK, was a physician duly licensed to practice medicine in the State of Illinois, specializing in the care of newborns and infants.

11.    On December 2, 2006, and at all times mentioned herein, Defendant, OAK, was a duly authorized agent and employee of Defendant, WELL CARE, acting within the scope of her agency and employment.

12.    On December 2, 2006, ABIGAILE I. PEREZ, a minor, was born at Defendant, SHERMAN, where she remained hospitalized through December 4, 2006.

13.    During the hospitalization of December 2 through December 4, 2006, ABIGAILE I. PEREZ had a heart murmur and had an echocardiogram performed and interpreted by Deborah Bryk-Serva, M.D., a cardiologist practicing with Midwest Children's Heart Specialists, S.C. located in Hoffman Estates, Cook County, Illinois.

14.    During the December 2 through December 4, 2006 hospitalization, Defendant, ANNE, was the attending physician and Defendant, OAK, was a consultant.

3

*Exhibit A*

15.    On December 2, 2006, and at all times mentioned herein, Defendant, ANNE, was not selected by Plaintiff, LILLIAN PEREZ, as a physician for the minor Plaintiff; rather Defendant, SHERMAN, assigned Defendant, ANNE, as the primary care physician for the minor Plaintiff.

16.    On December 2, 2006, and at all times mentioned herein, Plaintiffs neither knew nor should have known that Defendant, ANNE, was not an employee or agent of Defendant, SHERMAN.

17.    On December 2, 2006, and at all times mentioned herein, Defendant, ANNE, was an apparent agent of Defendant, SHERMAN.

18.    On December 6, 2006, ABIGAILE I. PEREZ, a minor, was seen at Defendant, AUNT MARTHA'S, and evaluated by Defendant, ANNE, was found to have jaundice and a serum bilirubin was ordered by Defendant, ANNE, with a plan to follow-up in 2 days..

19.    On December 6, 2006, the serum bilirubin level was 19.1 and Defendant, ANNE, advised LILLIAN PEREZ to take ABIGAILE I. PEREZ back to Defendant, SHERMAN.

20.    ABIGAILE I. PEREZ was hospitalized at Defendant, SHERMAN, from December 6 through December 8, 2006 during which time she continued to have jaundice and increased bilirubin levels and received phototherapy treatment for hyperbilirubinemia.

21.    During the December 6 through December 8, 2006 hospitalization, Defendant, ANNE, was the attending physician.

22.    At the time ABIGAILE I. PEREZ was discharged from Defendant, SHERMAN, on December 8, 2006, she continued to have jaundice and an increased bilirubin level.

4

*Exhibit A*

23.    On December 9, 2006, ABIGAILE I. PEREZ had a blood sample taken at Defendant, SHERMAN, which revealed elevated bilirubin, the results of which were called to Defendant, ANNE, by Defendant, SHERMAN.

24.    On December 11, 2006, ABIGAILE I. PEREZ, a minor, was seen at Defendant, AUNT MARTHA'S, was evaluated by Defendant, ANNE, and was found to have jaundice and a bilirubin level was checked at Defendant, SHERMAN, which was elevated and results called to Hemalatha Aiyriala, M.D., an agent and employee of Defendant, AUNT MARTHA'S, with a plan to follow up at Defendant, AUNT MARTHA'S, in four days.

25.    On December 12, 2006, ABIGAILE I. PEREZ had a blood sample taken at Defendant, SHERMAN, which revealed an elevated bilirubin, with results called by Defendant, SHERMAN, to Defendant, ALLA, and Quinisha Blackshire, R.N.

26.    On December 13, 2006, ABIGAILE I. PEREZ had a blood sample drawn at Defendant, SHERMAN, which revealed an elevated bilirubin level.

27.    On December 14, 2006, ABIGAILE I. PEREZ, a minor, presented to the Immediate Care Center of Defendant, SHERMAN, in Algonquin with fever and irritability and was sent to the emergency department of Defendant, SHERMAN.

28.    On December 14, 2006, Shyamala Revuluri, M.D., a resident of Hoffman Estates, Cook County, Illinois, evaluated ABIGAILE I. PEREZ, a minor, in the emergency department of Defendant, SHERMAN.

29.    On December 14, 2006, ABIGAILE I. PEREZ, a minor, was admitted to Defendant, SHERMAN, for a septic workup, where she remained hospitalized until December 18, 2006.

5

*Exhibit A*

30.    During the December 14 through December 18, 2006 hospitalization, Defendant, ANNE, was the attending physician, Defendant, ALLA, was an examining physician, and Defendant, OAK, was a consultant.

31.    On December 2, 2006, and at all times mentioned herein, Defendant, ALLA, was not selected by Plaintiffs as a physician for the minor Plaintiff but was selected by Defendant, SHERMAN.

32.    On December 2, 2006, and at all times mentioned herein, Plaintiffs neither knew nor should have known that Defendant, ALLA, was not an employee or agent of Defendant, SHERMAN.

33.    On December 2, 2006, and at all times mentioned herein, Defendant, ALLA, was an apparent agent of Defendant, SHERMAN.

34.    During the December 14 through December 18, 2006 hospitalization, ABIGAILE I. PEREZ had increased bilirubin levels on December 14, 2006, and was noted on repeated occasions to be jaundiced.

35.    During the December 14, 2006 hospitalization a blood culture, gram stain and culture of the cerebral spinal fluid grew positive for staph aureus bacteria, the results of which were communicated to Defendants, ANNE, ALLA, OAK, and each of them.

36.    During the December 14, 2006 through December 18, 2006 hospitalization, ABIGAILE I. PEREZ received antibiotics from December 14 through December 17, 2006, when the antibiotics were discontinued upon the order of Defendant, ANNE.

37.    On December 18, 2006, ABIGAILE I. PEREZ was discharged from Defendant, SHERMAN, by Defendant, ANNE, to be followed up as an outpatient.

6

*Exhibit A*

38.    On December 19, 2006, ABIGAILE I. PEREZ, a minor, presented to Defendant, AUNT MARTHA'S, "Acute Care" and was seen and evaluated by Defendant, ALLA.

39.    On December 21, 2006, ABIGAILE I. PEREZ, a minor, presented to Defendant, SHERMAN, for a blood sample which revealed an elevated CRP which was communicated to Defendant, ALLA, by Defendant, SHERMAN.

40.    On December 22, 2006, ABIGAILE I. PEREZ, presented to the emergency department of Defendant, SHERMAN, where she was diagnosed with acute meningitis and she was found to have a blood culture positive for staph aureus and on the morning of December 23, 2006, was transferred to St. Alexius Medical Center in Hoffman Estates, Cook County, Illinois by Hemalatha Aiyriala, M.D.

41.    ABIGAILE I. PEREZ remained hospitalized at St. Alexius Medical Center in Hoffman Estates, Cook County, Illinois from December 23, 2006 through December 31, 2006, during which time Lavanga Shankar, M.D., a resident of Barrington, Cook County, Illinois, was her attending physician, and during which time she sustained a stroke and was found to have a large vegetation in the mitral valve of her heart from an echocardiogram of December 31, 2006, interpreted by Deborah Bryk-Serva, M.D.

42.    On December 31, 2006, ABIGAILE I. PEREZ, a minor, was transferred to Children's Memorial Hospital in Chicago, Cook County, Illinois, where she remained hospitalized until March 18, 2007.

43.    On December 2, 2006, and at all times mentioned herein, Defendant, ANNE, had a duty to possess and apply the knowledge and use the skill and care ordinarily used by reasonably

7

well qualified physicians under similar circumstances in her care and treatment of Plaintiff, ABIGAILE I. PEREZ, a minor.

44.    On December 2, 2006, and at all times mentioned herein, Defendant, ALLA, had a duty to possess and apply the knowledge and use the skill and care ordinarily used by reasonably well qualified physicians under similar circumstances in her care and treatment of Plaintiff, ABIGAILE I. PEREZ, a minor.

45.    On December 2, 2006, and at all times mentioned herein, Defendant, OAK, had a duty to possess and apply the knowledge and use the skill and care ordinarily used by reasonably well qualified physicians under similar circumstances in her care and treatment of Plaintiff, ABIGAILE I. PEREZ, a minor.

46.    On December 2, 2006 and thereafter, Defendant, ANNE, was negligent in the following ways:

    a.    failed to perform a proper septic work-up during the hospitalization of December 14 through December 18, 2006;

    b.    discontinued antibiotic treatment on December 17, 2006 despite cultures and gram stain positive for staph aureus bacteria;

    c.    failed to consult with appropriate consultants for management of the jaundice, elevated bilirubin levels and suspected sepsis;

    d.    discharged ABIGAILE PEREZ, a minor, from the hospital on December 18, 2006 without antibiotics;

    e.    was otherwise careless and negligent;

47.    On December 2, 2006 and thereafter, Defendant, ALLA, was negligent in the following ways:

*Exhibit A*

a.   failed to perform a proper septic work-up during the hospitalization of December 14 through December 18, 2006;

b.   discontinued the antibiotic treatment on December 17, 2006 despite cultures and gram stain positive for staph aureus bacteria;

c.   failed to consult with appropriate consultants for management of the jaundice, elevated bilirubin levels and suspected sepsis;

d.   discharged ABIGAILE PEREZ, a minor, from the hospital on December 18, 2006 without antibiotics;

e.   was otherwise careless and negligent;

48.   On December 2, 2006 and thereafter, Defendant, OAK, was negligent in the following ways:

a.   failed to perform a proper septic work-up during the hospitalization of December 14 through December 18, 2006;

b.   discontinued antibiotic treatment on December 17, 2006 despite cultures and gram stain positive for staph aureus bacteria;

c.   failed to consult with appropriate consultants for management of the jaundice, elevated bilirubin levels and suspected sepsis;

d.   discharged ABIGAILE PEREZ, a minor, from the hospital on December 18, 2006 without antibiotics;

e.   was otherwise careless and negligent;

49.   As a direct and proximate result of the aforesaid negligent acts or omissions, ABIGAILE I. PEREZ, a minor, sustained injuries of a personal and pecuniary nature.

50.   Attached to this Complaint is the attorney's affidavit and physician reports required by 735 ILCS 5/2-622.

9

*Exhibit A*

WHEREFORE, Plaintiff, ABIGAILE I. PEREZ, a Minor, by LILLIAN PEREZ, her Mother and Next Friend, demands judgment against Defendants, SHERMAN HOSPITAL, a corporation, SHERMAN HEALTH SYSTEMS, a corporation, AUNT MARTHA'S YOUTH SERVICE CENTER, INC., a corporation, WELL CARE NEONATOLOGISTS, S.C., a corporation, SREELATHA ANNE, M.D., SAVADA ALLA, M.D., ANDREA UNAKANT OAK, M.D., and each of them, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT II - FAMILY EXPENSE ACT

Plaintiff, LILLIAN PEREZ, Individually, by her attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendants, SHERMAN HOSPITAL, a corporation (hereafter "SHERMAN"), SHERMAN HEALTH SYSTEMS, a corporation (hereafter "SHS"), AUNT MARTHA'S YOUTH SERVICE CENTER, INC., a corporation (hereafter "AUNT MARTHA'S"), WELL CARE NEONATOLOGISTS, S.C., a corporation (hereafter "WELL CARE"), SREELATHA ANNE, M.D. (hereafter "ANNE"), SAVADA ALLA, M.D. (hereafter "ALLA") and ANDREA UNAKANT OAK, M.D. (hereafter "OAK"), and each of them, states as follows:

1.　　On December 2, 2006, and at all times mentioned herein, Defendant, SHERMAN, was a duly licensed healthcare institution providing treatment and services to patients in its emergency department, outpatient and inpatient facilities, and held itself out as providing complete obstetrical, neonatal, pediatric and emergency room care.

2.　　On December 2, 2006, and at all times mentioned herein, Defendant, AUNT MARTHA'S, was a corporation providing healthcare services to its patients and was doing business in Chicago, Chicago Heights, Park Forest, Harvey, Oak Forest and Richton Park, all of which are in Cook County, Illinois.

*Exhibit A*

3.    On December 2, 2006, and at all times mentioned herein, Defendant, WELL CARE, was a corporation providing services to its patients.

4.    On December 2, 2006, and at all times mentioned herein, Defendant, ANNE, was a physician duly licensed to practice medicine in the State of Illinois specializing in the care of newborns and infants, residing in Wheeling, Cook County, Illinois.

5.    On December 2, 2006, and at all times mentioned herein, Defendant, ANNE, was a duly authorized agent and employee of Defendant, AUNT MARTHA'S, acting within the scope of her agency and employment.

6.    On December 2, 2006, and at all times mentioned herein, Defendant, ANNE, was a duly authorized agent and employee of Defendant, SHERMAN, acting within the scope of her agency and employment.

7.    On December 2, 2006, and at all times mentioned herein, Defendant, ALLA, was a physician duly licensed to practice medicine in the State of Illinois specializing in the care of newborns and infants, residing in Hoffman Estates, Cook County, Illinois.

8.    On December 2, 2006, and at all times mentioned herein, Defendant, ALLA, was a duly authorized agent and employee of Defendant, AUNT MARTHA'S, acting within the scope of her agency and employment.

9.    On December 2, 2006, and at all times mentioned herein, Defendant, ALLA, was a duly authorized agent and employee of Defendant, HOSPITAL, acting within the scope of her agency and employment.

11

*Exhibit A*

10. On December 2, 2006, and at all times mentioned herein, Defendant, OAK, was a physician duly licensed to practice medicine in the State of Illinois, specializing in the care of newborns and infants.

11. On December 2, 2006, and at all times mentioned herein, Defendant, OAK, was a duly authorized agent and employee of Defendant, WELL CARE, acting within the scope of her agency and employment.

12. On December 2, 2006, ABIGAILE I. PEREZ, a minor, was born at Defendant, SHERMAN, where she remained hospitalized through December 4, 2006.

13. During the hospitalization of December 2 through December 4, 2006, ABIGAILE I. PEREZ had a heart murmur and had an echocardiogram performed and interpreted by Deborah Bryk-Serva, M.D., a cardiologist practicing with Midwest Children's Heart Specialists, S.C. located in Hoffman Estates, Cook County, Illinois.

14. During the December 2 through December 4, 2006 hospitalization, Defendant, ANNE, was the attending physician and Defendant, OAK, was a consultant.

15. On December 2, 2006, and at all times mentioned herein, Defendant, ANNE, was not selected by Plaintiff, LILLIAN PEREZ, as a physician for the minor Plaintiff; rather, Defendant, SHERMAN, assigned Defendant, ANNE, as the primary care physician for the minor Plaintiff.

16. On December 2, 2006, and at all times mentioned herein, Plaintiffs neither knew nor should have known that Defendant, ANNE, was not an employee or agent of Defendant, SHERMAN.

17. On December 2, 2006, and at all times mentioned herein, Defendant, ANNE, was an apparent agent of Defendant, SHERMAN.

12

*Exhibit A*

18.    On December 6, 2006, ABIGAILE I. PEREZ, a minor, was seen at Defendant, AUNT MARTHA'S, and evaluated by Defendant, ANNE, was found to have jaundice and a serum bilirubin was ordered by Defendant, ANNE, with a plan to follow-up in 2 days.

19.    On December 6, 2006, the serum bilirubin level was 19.1 and Defendant, ANNE, advised LILLIAN PEREZ to take ABIGAILE I. PEREZ back to Defendant, SHERMAN.

20.    ABIGAILE I. PEREZ was hospitalized at Defendant, SHERMAN, from December 6 through December 8, 2006 during which time she continued to have jaundice and increased bilirubin levels and received phototherapy treatment for hyperbilirubinemia.

21.    During the December 6 through December 8, 2006 hospitalization, Defendant, ANNE, was the attending physician.

22.    At the time ABIGAILE I. PEREZ was discharged from Defendant, SHERMAN, on December 8, 2006, she continued to have jaundice and an increased bilirubin level.

23.    On December 9, 2006, ABIGAILE I. PEREZ had a blood sample taken at Defendant, SHERMAN, which revealed elevated bilirubin, the results of which were called to Defendant, ANNE, by Defendant, SHERMAN.

24.    On December 11, 2006, ABIGAILE I. PEREZ, a minor, was seen at Defendant, AUNT MARTHA'S, was evaluated by Defendant, ANNE, and was found to have jaundice and a bilirubin level was checked at Defendant, SHERMAN, which was elevated and results called to Hemalatha Aiyriala, M.D., an agent and employee of Defendant, AUNT MARTHA'S, with a plan to follow up at Defendant, AUNT MARTHA'S, in four days.

13

*Exhibit A*

25.    On December 12, 2006, ABIGAILE I. PEREZ had a blood sample taken at Defendant, SHERMAN, which revealed an elevated bilirubin, with results called by Defendant, SHERMAN, to Defendant, ALLA, and Quinisha Blackshire, R.N.

26.    On December 13, 2006, ABIGAILE I. PEREZ had a blood sample drawn at Defendant, SHERMAN, which revealed an elevated bilirubin level.

27.    On December 14, 2006, ABIGAILE I. PEREZ, a minor, presented to the Immediate Care Center of Defendant, SHERMAN, in Algonquin with fever and irritability and was sent to the emergency department of Defendant, SHERMAN.

28.    On December 14, 2006, Shyamala Revuluri, M.D., a resident of Hoffman Estates, Cook County, Illinois, evaluated ABIGAILE I. PEREZ, a minor, in the emergency department of Defendant, SHERMAN.

29.    On December 14, 2006, ABIGAILE I. PEREZ, a minor, was admitted to Defendant, SHERMAN, for a septic workup, where she remained hospitalized until December 18, 2006.

30.    During the December 14 through December 18, 2006 hospitalization, Defendant, ANNE, was the attending physician, Defendant, ALLA, was an examining physician, and Defendant, OAK, was a consultant.

31.    On December 2, 2006, and at all times mentioned herein, Defendant, ALLA, was not selected by Plaintiffs as a physician for the minor Plaintiff but was selected by Defendant, SHERMAN.

32.    On December 2, 2006, and at all times mentioned herein, Plaintiffs neither knew nor should have known that Defendant, ALLA, was not an employee or agent of Defendant, SHERMAN.

14

*Exhibit A*

33.     On December 2, 2006, and at all times mentioned herein, Defendant, ALLA, was an apparent agent of Defendant, SHERMAN.

34.     During the December 14 through December 18, 2006 hospitalization, ABIGAILE I. PEREZ had increased bilirubin levels on December 14, 2006, and was noted on repeated occasions to be jaundiced.

35.     During the December 14, 2006 hospitalization a blood culture, gram stain and culture of the cerebral spinal fluid grew positive for staph aureus bacteria, the results of which were communicated to Defendants, ANNE, ALLA, OAK, and each of them.

36.     During the December 14, 2006 through December 18, 2006 hospitalization, ABIGAILE I. PEREZ received antibiotics from December 14 through December 17, 2006, when the antibiotics were discontinued upon the order of Defendant, ANNE.

37.     On December 18, 2006, ABIGAILE I. PEREZ was discharged from Defendant, SHERMAN, by Defendant, ANNE, to be followed up as an outpatient.

38.     On December 19, 2006, ABIGAILE I. PEREZ, a minor, presented to Defendant, AUNT MARTHA'S, "Acute Care" and was seen and evaluated by Defendant, ALLA.

39.     On December 21, 2006, ABIGAILE I. PEREZ, a minor, presented to Defendant, SHERMAN, for a blood sample which revealed an elevated CRP which was communicated to Defendant, ALLA, by Defendant, SHERMAN.

40.     On December 22, 2006, ABIGAILE I. PEREZ, presented to the emergency department of Defendant, SHERMAN, where she was diagnosed with acute meningitis and she was found to have a blood culture positive for staph aureus, and on the morning of December 23, 2006,

15

*Exhibit A*

was transferred to St. Alexius Medical Center in Hoffman Estates, Cook County, Illinois by Hemalatha Aiyriala, M.D.

41.    ABIGAILE I. PEREZ remained hospitalized at St. Alexius Medical Center in Hoffman Estates, Cook County, Illinois from December 23, 2006 through December 31, 2006, during which time Lavanga Shankar, M.D., a resident of Barrington, Cook County, Illinois, was her attending physician, and during which time she sustained a stroke and was found to have a large vegetation in the mitral valve of her heart from an echocardiogram of December 31, 2006, interpreted by Deborah Bryk-Serva, M.D.

42.    On December 31, 2006, ABIGAILE I. PEREZ, a minor, was transferred to Children's Memorial Hospital in Chicago, Cook County, Illinois, where she remained hospitalized until March 18, 2007.

43.    On December 2, 2006, and at all times mentioned herein, Defendant, ANNE, had a duty to possess and apply the knowledge and use the skill and care ordinarily used by reasonably well qualified physicians under similar circumstances in her care and treatment of Plaintiff, ABIGAILE I. PEREZ, a minor.

44.    On December 2, 2006, and at all times mentioned herein, Defendant, ALLA, had a duty to possess and apply the knowledge and use the skill and care ordinarily used by reasonably well qualified physicians under similar circumstances in her care and treatment of Plaintiff, ABIGAILE I. PEREZ, a minor.

45.    On December 2, 2006, and at all times mentioned herein, Defendant, OAK, had a duty to possess and apply the knowledge and use the skill and care ordinarily used by reasonably

16

*Exhibit A*

well qualified physicians under similar circumstances in her care and treatment of Plaintiff,

ABIGAILE I. PEREZ, a minor.

46.    On December 2, 2006 and thereafter, Defendant, ANNE, was negligent in the

following ways:

a.    failed to perform a proper septic work-up during the hospitalization of
December 14 through December 18, 2006;

b.    discontinued antibiotic treatment on December 17, 2006 despite cultures and
gram stain positive for staph aureus bacteria;

c.    failed to consult with appropriate consultants for management of the
jaundice, elevated bilirubin levels and suspected sepsis;

d.    discharged ABIGAILE PEREZ, a minor, from the hospital on December 18,
2006 without antibiotics;

e.    was otherwise careless and negligent;

47.    On December 2, 2006 and thereafter, Defendant, ALLA, was negligent in the

following ways:

a.    failed to perform a proper septic work-up during the hospitalization of
December 14 through December 18, 2006;

b.    discontinued the antibiotic treatment on December 17, 2006 despite cultures
and gram stains positive for staph aureus bacteria;

c.    failed to consult with appropriate consultants for management of the
jaundice, elevated bilirubin levels and suspected sepsis;

d.    discharged ABIGAILE PEREZ, a minor, from the hospital on December 18,
2006 without antibiotics;

e.    was otherwise careless and negligent;

17

*Exhibit A*

48.    On December 2, 2006 and thereafter, Defendant, OAK, was negligent in the following

ways:

     a.    failed to perform a proper septic work-up during the hospitalization of
        December 14 through December 18, 2006;

     b.    discontinued antibiotic treatment on December 17, 2006 despite cultures and
        gram stain positive for staph aureus bacteria;

     c.    failed to consult with appropriate consultants for management of the
        jaundice, elevated bilirubin levels and suspected sepsis;

     d.    discharged ABIGAILE PEREZ, a minor, from the hospital on December 18,
        2006 without antibiotics;

     e.    was otherwise careless and negligent;

49.    As a direct and proximate result of the aforesaid negligent acts or omissions,

ABIGAILE I. PEREZ, a minor, sustained injuries of a personal and pecuniary nature.

50.    As a direct and proximate result of one or more of the aforesaid negligent acts or

omissions, Plaintiff, LILLIAN PEREZ, as the parent of ABIGAILE I. PEREZ, a minor, became

obligated for various hospital and medical expenses under the Family Expense Act, 750 ILCS 65/15

and brings this action to recover said expenses.

51.    Attached to this Complaint is the attorney's affidavit and physician's reports required

by 735 ILCS 5/2-622.

WHEREFORE, Plaintiff, ABIGAILE I. PEREZ, a Minor, by LILLIAN PEREZ, her Mother

and Next Friend, demands judgment against Defendants, SHERMAN HOSPITAL, a corporation,

SHERMAN HEALTH SYSTEMS, a corporation, AUNT MARTHA'S YOUTH SERVICE

CENTER, INC., a corporation, WELL CARE NEONATOLOGISTS, S.C., a corporation,

*Exhibit A*

SREELATHA ANNE, M.D., SAVADA ALLA, M.D., ANDREA UNAKANT OAK, M.D., and each

of them, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

_____
Attorney for Plaintiffs

Keith A. Hebeisen
CLIFFORD LAW OFFICES, P.C.
120 N. LaSalle Street, Suite 3100
Chicago, Illinois 60602
(312) 899-9090
Firm ID No. 32640

19

*Exhibit A*

KAH/tls      7N-0015

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| ABIGAILE I. PEREZ, a Minor, by<br>LILLIAN PEREZ, her Mother and Next Friend,<br>LILLIAN PEREZ, Individually,<br><br>        Plaintiffs,<br><br>        v.<br><br>SHERMAN HOSPITAL, a corporation,<br>SHERMAN HEALTH SYSTEMS, a corporation,<br>AUNT MARTHA'S YOUTH SERVICE<br>      CENTER, INC., a corporation,<br>WELL CARE NEONATOLOGISTS, S.C.,<br>      a corporation,<br>SREELATHA ANNE, M.D.,<br>SAVADA ALLA, M.D., and<br>ANDREA UNAKANT OAK, M.D.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S ATTORNEY AFFIDAVIT PURSUANT TO 735 ILCS 5/2-622(a)(1)

KEITH A. HEBEISEN states as follows:

1.      I am one of the attorneys with responsibility for this matter on behalf of the

Plaintiffs.

2.      I have consulted and reviewed the facts of the case with a health professional who

I reasonably believe: (i) is knowledgeable in the relevant issues involved in this case; (ii)

practices or has practiced within the last five (5) years or teaches or has taught within the last five

(5) years in the same area of health care or medicine that is at issue in this case; and (iii) meets

the expert witness standards set forth in paragraphs (a) through (d) of Section 8-2501.

*Exhibit A*

3.      The reviewing health professional has determined in written reports, after a review of the medical record and other relevant material involved in this case that there is a reasonable and meritorious cause for the filing of this case.

4.      I have concluded on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause for filing this case.

5.      A copy of the written reports, clearly identifying the plaintiff and the reasons for the reviewing health professional's determination that a reasonable and meritorious cause exists for the filing of this case is attached.  The original written reports include the reviewing health care professional's name, address, current license number, and state of licensure but that information is redacted from the copies of the reports attached hereto on the basis that the statutory provision requiring same has been held to be unconstitutional.

FURTHER AFFIANT SAYETH NOT.

_____
Attorney for Plaintiffs

[X]    Under penalties as provided by law pursuant to 735 ILCS 5/1-109 of the Code of Civil Procedure, I certify that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that I verily believe the same to be true.

CLIFFORD LAW OFFICES, P.C.
120 North LaSalle Street
Suite 3100
Chicago, Illinois 60602
(312) 899-9090
Atty. No.  32640

2

*Exhibit A*

February 8, 2008

Keith A. Hebeisen
Clifford Law Offices, P.C.
120 North LaSalle, Suite 3100
Chicago, Illinois 60602

      RE:    Lillian Perez and Abigaile Perez
                Your File No. 7N-0015

Mr. Hebeisen:

I am a physician licensed to practice medicine in the State of Illinois, specializing and board certified in pediatrics. I have had substantial experience for decades in the care of newborns, neonates and children. I am knowledgeable in the relevant issues involved in this matter and I have practiced within the last five years in the same area of healthcare and medicine that is at issue in this case. I have reviewed records pertaining to Abigaile Perez, including Sherman Hospital, Aunt Martha's, St. Alexius Medical Center and Children's Memorial Hospital.

I have determined after a review of the relevant medical records and other relevant material pertaining to Abigaile Perez that there is a reasonable and meritorious cause for the filing of an action against Sreelatha Anne, M.D. for the following reasons:

      Sreelatha Anne, M.D. was negligent in the following ways:

      a.      failed to perform a proper septic work-up during the hospitalization of December 14 through December 18, 2006;

      b.      discontinued antibiotic treatment on December 17, 2006 despite cultures and gram stain positive for staph aureus bacteria;

      c.      failed to consult with appropriate consultants for management of the jaundice, elevated bilirubin levels and suspected sepsis;

      d.      discharged ABIGAILE PEREZ, a minor, from the hospital on December 18, 2006 without antibiotics;

      e.      was otherwise careless and negligent;

My opinions are subject to modification upon review of further information.

                Very truly yours,

*Exhibit A*

February 8, 2008

Keith A. Hebeisen
Clifford Law Offices, P.C.
120 North LaSalle, Suite 3100
Chicago, Illinois 60602

RE:    Lillian Perez and Abigaile Perez
       Your File No. 7N-0015

Mr. Hebeisen:

I am a physician licensed to practice medicine in the State of Illinois, specializing and board certified in pediatrics. I have had substantial experience for decades in the care of newborns, neonates and children. I am knowledgeable in the relevant issues involved in this matter and I have practiced within the last five years in the same area of healthcare and medicine that is at issue in this case. I have reviewed records pertaining to Abigaile Perez, including Sherman Hospital, Aunt Martha's, St. Alexius Medical Center and Children's Memorial Hospital.

I have determined after a review of the relevant medical records and other relevant material pertaining to Abigaile Perez that there is a reasonable and meritorious cause for the filing of an action against Andrea Unakant Oak, M.D. for the following reasons:

Andrea Unakant Oak, M.D. was negligent in the following ways:

a.    failed to perform a proper septic work-up during the hospitalization of December 14 through December 18, 2006;

b.    discontinued antibiotic treatment on December 17, 2006 despite cultures and gram stain positive for staph aureus bacteria;

c.    failed to consult with appropriate consultants for management of the jaundice, elevated bilirubin levels and suspected sepsis;

d.    discharged ABIGAILE PEREZ, a minor, from the hospital on December 18, 2006 without antibiotics;

e.    was otherwise careless and negligent;

My opinions are subject to modification upon review of further information.

Very truly yours,

*Exhibit A*

February 8, 2008

Keith A. Hebeisen
Clifford Law Offices, P.C.
120 North LaSalle, Suite 3100
Chicago, Illinois 60602

    RE:   Lillian Perez and Abigaile Perez
            Your File No. 7N-0015

Mr. Hebeisen:

I am a physician licensed to practice medicine in the State of Illinois, specializing and board certified in pediatrics. I have had substantial experience for decades in the care of newborns, neonates and children. I am knowledgeable in the relevant issues involved in this matter and I have practiced within the last five years in the same area of healthcare and medicine that is at issue in this case.

I have determined after a review of the relevant medical records and other relevant material involved and pertaining to Abigaile Perez that there is a reasonable and meritorious cause for the filing of an action against Savada Alla, M.D. for the following reasons:

    a.    failed to perform a proper septic work-up during the hospitalization of December 14 through December 18, 2006;

    b.    discontinued the antibiotic treatment on December 17, 2006 despite cultures and gram stain positive for staph aureus bacteria;

    c.    failed to consult with appropriate consultants for management of the jaundice, elevated bilirubin levels and suspected sepsis;

    d.    discharged ABIGAILE PEREZ, a minor, from the hospital on December 18, 2006 without antibiotics;

    e.    was otherwise careless and negligent;

My opinions are subject to modification upon review of further information.

                      Very truly yours,

*Exhibit A*

## CERTIFICATION

Pursuant to the provisions of 42 U.S.C. § 233, and by virtue of the authority delegated to me by the Attorney General under 28 C.F.R. § 15.4 and through the United States Attorney for the Northern District of Illinois, I hereby certify that I have read the complaint in *Abigaile I. Perez, a Minor, by Lillian Perez, her Mother and Next Friend, et al., v. Sherman Hospital, a Corporation, et al.,* No. 2008 L 002297 (Circuit Court of Cook County, Illinois), and all attachments thereto. On the basis of the information now available, I find that at the relevant times, Aunt Martha's Youth Service Center, Inc., was a private entity receiving grant money from the Public Health Service pursuant to 42 U.S.C. § 233. Further, I certify that defendants Sreelatha Anne, M.D., and Sarada Alla, M.D., were acting within the scope of their employment at Aunt Martha's Youth Service Center, Inc., with respect to the incidents referred to in the complaint. Accordingly, for purposes of the above case, Aunt Martha's Youth Service Center, Inc., along with Sreelatha Anne, M.D., and Sarada Alla, M.D., are deemed to be employees of the United States pursuant to 42 U.S.C. § 233, for Federal Tort Claims Act purposes only.

Thomas Walsh

THOMAS P. WALSH
Chief, Civil Division
Office of the United States Attorney
    for the Northern District of Illinois

Date: July 3, 2008

*Exhibit B*