UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ABIGAILE I. PEREZ, a minor, by LILLIAN PEREZ, her mother and next friend; LILLIAN PEREZ, individually, <br><br>　　　　　　　Plaintiffs, <br><br>　　v. <br><br>SHERMAN HOSPITAL, a corporation, SHERMAN HEALTH SYSTEMS, a corporation, WELL CARE NEONATOLOGISTS, S.C., a corporation, ANDREA UNAKANT OAK, M.D., and the UNITED STATES OF AMERICA, <br><br>　　　　　　　Defendants. | No. 08 C 3932 <br><br> Judge Der-Yeghiayan <br><br> Formerly case No. 08 L 2297, Circuit Court of Cook County, Illinois |

**UNITED STATES' MOTION TO DISMISS FOR**
**FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

The United States of America, by its attorney, Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, moves to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and in support, states as follows:

1. On February 28, 2008, plaintiffs Abigaile and Lillian Perez commenced the above civil action against Sherman Hospital, a corporation, Sherman Health Systems, a corporation, Aunt Martha's Youth Service Center, Inc., a corporation, Well Care Neonatologists, S.C., a corporation, Sreelatha Anne, M.D., Sarada[1] Alla, M.D. and Andrea Unakant Oak, M.D., alleging medical malpractice. For purposes of this lawsuit, Dr. Sreelatha Anne and Dr. Sarada Alla, were physicians

---

[1] The complaint misspells Dr. Sarada Alla's first name as "Savada."

for Aunt Martha's Youth Service Center, Inc., a private entity that receives grant money from the Public Health Service pursuant to 42 U.S.C. § 233.

2. On July 9, 2008, the case was removed to the United States District Court for the Northern District of Illinois, and the United States was substituted as the federal defendant in place of Sreelatha Anne, M.D., Sarada Alla, M.D., and Aunt Martha's Youth Service Center, Inc., pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2679(d), and 42 U.S.C. § 233.

3. The FTCA is the "exclusive" jurisdictional basis for a common law tort claim against the United States or any employee "while acting within the scope of his office or employment." 28 U.S.C. §§ 1346(b), 2679(b)(1); *Duffy v. United States*, 966 F.2d 307, 313 (7th Cir. 1992).

4. No FTCA action can be initiated against the United States until the plaintiff has presented a claim to the appropriate federal agency and that agency has denied the claim or has failed to issue a final decision within six months of the date that the claim was presented. 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106 (1993); *Kanar v. United States*, 118 F.3d 527, 528 (7th Cir. 1997) ("No one may file suit under the Federal Tort Claims Act without first making an administrative claim."); *Erxleben v. United States*, 668 F.2d 268, 270 (7th Cir. 1981); *Best Bearings Co. v. United States*, 463 F.2d 1177, 1179 (7th Cir. 1972). This administrative claim requirement is a prerequisite that cannot be waived. *Best Bearings*, 463 F.2d at 1179.

5. The complaint in this case does not allege that plaintiffs ever presented the administrative claim required by the FTCA. A search of the Department of Health and Human Services' computerized database of administrative tort claims reveals that plaintiffs did not file an administrative tort claim with the Department until June 2, 2008. Exhibit A (Declaration of Meredith Torres); *see Capitol Leasing Co. v. Fed. Deposit Ins. Corp.*, 999 F.2d 188, 191 (7th Cir.

1993) (noting that in a motion to dismiss the court may look beyond the jurisdictional allegations of the complaint to determine whether subject matter jurisdiction exists). The Department has not made a final disposition of the plaintiffs' administrative claims and six months has not elapsed since the claims were filed. A plaintiff may not satisfy the jurisdictional exhaustion requirement by filing suit before a decision on her administrative claim and then letting the claim ripen while the suit is pending. *McNeil*, 508 U.S. at 113.

WHEREFORE, this case should be dismissed as to the United States for failure to exhaust administrative remedies. Once dismissed, the remainder of the case should be remanded to state court.

> Respectfully submitted,
>
> PATRICK J. FITZGERALD
> United States Attorney
>
> By: s/ Jonathan C. Haile
>     JONATHAN C. HAILE
>     Assistant United States Attorney
>     219 South Dearborn Street
>     Chicago, Illinois 60604
>     (312) 886-2055
>     jonathan.haile@usdoj.gov

# CERTIFICATE OF SERVICE

      The undersigned Assistant United States Attorney hereby certifies that in accordance with FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document:

**United States' Motion to Dismiss for
Failure to Exhaust Administrative Remedies**

was served pursuant to the district court's ECF system as to ECF filers, if any, and was sent by first-class mail on July 14, 2008 to the following non-ECF filers:

| | |
|---|---|
| CLIFFORD LAW OFFICES, P.C.<br>120 N. La Salle Street, Suite 3100<br>Chicago, Illinois 60602 | HALL, PRANGLE & SCHOONVELD, LLC<br>200 S. Wacker Dr., Suite 3300<br>Chicago, Illinois 60606 |
| CUNNINGHAM, MEYER & VEDRINE, P.C.<br>4200 Cantera Dr., Suite 112<br>Warrenville, Illinois 60555 | |

                                              By:  s/ Jonathan C. Haile
                                                       JONATHAN C. HAILE
                                                       Assistant United States Attorney
                                                       219 South Dearborn Street
                                                       Chicago, Illinois 60604
                                                       (312) 886-2055

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Abigaile I. Perez, a minor, by Lillian Perez, her Mother and Next Friend: Lillian Perez, Individually,<br><br>Plaintiff,<br><br>v.<br><br>Sherman Hospital,<br>Sherman Health Systems,<br>Aunt Martha's Youth Service Center, Inc.,<br>Well Care Neonatologists, S.C.,<br>Sreelatha Anne, M.D.,<br>Savada Alla, M.D.,<br>Andrea Unakant Oak, M.D.,<br><br>Defendants. | Case No. |

DECLARATION OF
<u>MEREDITH TORRES</u>

1. I am a Senior Attorney in the General Law Division, Office of the General Counsel, Department of Health and Human Services (the "Department"). I am familiar with the official records of administrative tort claims maintained by the Department as well as with the system by which those records are maintained.

2. The Department has a Claims Branch that maintains in a computerized database a record of administrative tort claims filed with the Department, including those filed with respect to federally supported health centers that have been deemed to be eligible for Federal Tort Claims Act malpractice coverage.

*Exhibit A*

-2-

3. As a consequence, if a tort claim had been filed with the Department with respect to Aunt Martha's Youth Service Center, Inc., its approved delivery sites, or its employees or qualified contractors, a record of that filing would be maintained in the Claims Branch's database.

4. I caused a search of the Claims Branch's database to be conducted and found that two administrative tort claims were filed on June 2, 2008, by Keith A. Hebeisen, Esq., authorized representative for Abigaile I. Perez, (minor) and Lillian Perez, relating, to Aunt Martha's Youth Service Center, Inc., Sreelatha Anne, M.D., and Sarada Alla, M.D. To date no final disposition has been made and the plaintiffs have not exhausted their administrative remedies.

5. I have also reviewed official agency records and determined that Aunt Martha's Youth Service Center, Inc., was deemed eligible for Federal Tort Claims Act malpractice coverage effective April 15, 2003, and that its coverage has continued without interruption since that time. The Secretary of Health and Human Services' authority to deem entities as Public Health Service employees under 42 U.S.C. § 233(g) has been delegated to the Associate Administrator, Bureau of Primary Health Care, Health Resources and Services Administration. Copies of the notifications by the Associate Administrator, Bureau of Primary Health Care, Health Resources and Services Administration, Department of Health and Human Services, to Aunt Martha's Youth Service Center, Inc., are attached to this declaration as Exhibit 1.

6. Official agency records further indicate that Sreelatha Anne, M.D., and Sarada Alla, M.D., were employees of Aunt Martha's Youth Service Center, Inc., at all times relevant to the complaint in this case.

*Exhibit A*

-3-

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

Dated at Washington, D.C., this 24th day of June, 2008.

*[signature: Meredith Torres]*
MEREDITH TORRES
Senior Attorney, Claims and Employment Law Branch
General Law Division
Office of the General Counsel
Department of Health and Human Services

*Exhibit A*